UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEDRICK DEMOND THOMAS,

               Petitioner,

v.

PAT GLEBE,

               Respondent.

Case No. C10-5800RJB/JRC

REPORT AND RECOMMENDATION

**NOTED FOR: APRIL 22, 2011**

This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 3 and MJR 4. Petitioner seeks relief from guilty verdicts for firs degree assault and second degree assault. The Pierce County Convictions resulted in an exceptional sentence of 240 months plus a 36 month deadly weapons enhancement.

Respondent has answered and argues that the petition is time barred (ECF No. 16). Petitioner did not respond to the answer. Having reviewed the documents the court agrees with the respondent that this petition is time barred and should be dismissed pursuant to 28 U.S.C. § 2244 (d).

## BASIS FOR CUSTODY

The Washington State Court of Appeals summarized the facts as follows:

> In August 2006, Thomas lived with his girlfriend, Victoria Montgomery, their two children and Montgomery's child from a previous relationship. When Montgomery returned home from work on the evening of August 31, 2006, Thomas asked her if she had been paid that day. She said she had not. In response, Thomas retrieved a dowel that was approximately three feet long and one and one-half inches in diameter and began beating Montgomery with it. When their infant child began crying, Montgomery picked up the baby and ran to her and Thomas's bedroom. Thomas followed her into the room and continued beating Montgomery with the dowel as she held the baby in her arms. Throughout the beatings, Thomas demanded money from Montgomery. At one point, the other two children stood in the doorway to the bedroom. Thomas told Montgomery to make the children dinner and she complied.
>
> After dinner, Thomas again asked Montgomery about the money. She again told him she did not get paid that day. He resumed beating her with the dowel. After several minutes, Montgomery's head began to bleed and Thomas told her to take a shower. He then asked her about the money. Montgomery told him she put the money in one of the recycling bins outside the house. At Thomas's direction, Montgomery's son brought the bin inside the house. When he searched the bin and did not find the money, Thomas resumed beating Montgomery with the dowel. She then told him the money was outside near a fence and that she would need to retrieve it. Thomas picked up a kitchen knife, held it to Montgomery's back and the two walked outside. When they neared the fence, she turned to face him. Thomas held the knife to her chin. Montgomery yelled for help and ran to a neighbor's home, who then called the police.
>
> The State charged Thomas with first degree assault [footnote 1 omitted] for beating Montgomery with the dowel (Count One) and second degree assault [footnote 2 omitted] for threatening her with the knife (Count Two). [footnote 3 omitted] After a trial, the jury found Thomas guilty of Counts One and Two. [footnote 4 omitted] The jury also returned special verdicts that Thomas was armed with a deadly weapon during each assault and that they both involved domestic violence within sight or sound of a child who was under 18.
>
> At sentencing, the State argued that the court should count the two assaults as separate criminal conduct in calculating Thomas's offender score. Thomas responded that the assaults constituted parts of the same criminal conduct because he had the same objective, to retrieve money from Montgomery, in both crimes. The court ruled that the two assaults were not the same criminal conduct because they occurred at different times and because Thomas "had different objective intents" when he committed them. [footnote 5 omitted] It imposed an exceptional

sentence of 240 months of incarceration, plus 36 months of deadly weapon enhancements.

(ECF No. 17, Exhibit 2).

## PROCEDURAL HISTORY

Petitioner appealed his sentence to the Washington Court of Appeals (ECF No. 17, Exhibit 3). The Commissioner of the Washington Court of Appeals affirmed the sentence. (ECF No. 17, Exhibit 2). Thomas moved to modify the ruling and the Washington Court of Appeals denied the motion to modify on March 14, 2008. (ECF No. 16 Exhibits 5 and 6). Petitioner had until April 14, 2008, to seek review by the Washington Supreme Court. RAP 13.4(a). Thomas did not seek review by the Washington Supreme Court, and his direct appeal ended for purposes of 28 U.S.C. §2244(d) on April 14, 2008.

Two hundred and ninety-three days later, on January 22, 2009, petitioner filed a personal restraint petition (ECF No. 17, Exhibit 8). The Washington Court of Appeals denied the personal restraint petition. (ECF No. 17, Exhibit 12). Petitioner filed a motion for reconsideration, which the Washington State Supreme Court treated as a motion for discretionary review. (ECF No. 17, Exhibit 14).

The Washington Supreme Court denied review on March 9, 2010 (ECF No. 17, Exhibit 15). Petitioner signed his federal habeas corpus petition two hundred and thirty-one days later, on October 26, 2010. (ECF No. 5, page 16).

**EVIDENTIARY HEARING NOT REQUIRED**

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that an evidentiary hearing is not necessary to decide this case.

## DISCUSSION

A. Statute of limitations.

A one-year statute of limitations was imposed on habeas corpus petitions under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

REPORT AND
RECOMMENDATION - 4

  (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.§ 2244 (d).

  Here, direct review ended on April 14, 2008, when the time for filing a motion for discretionary review in the Washington State Supreme Court expired. Two hundred and ninety three days later, on January 22, 2009, petitioner filed a personal restraint petition. This filing tolled the running of the statute of limitations with seventy-two days remaining. When the Washington State Supreme Court denied discretionary review on March 9, 2010, the time for filing a federal habeas corpus petition began to run again. The remaining seventy-two days passed on May 21, 2010 – this was the last day petitioner could have filed a federal habeas corpus petition before the running of the statute of limitations. This petition was not filed until October 26, 2010; therefore, it is time barred by one hundred fifty-nine days.

  Petitioner has not argued that he is entitled to any equitable tolling of the statutory time frame. Petitioner did not file a traverse. Accordingly, the court recommends dismissal of the petition.

REPORT AND
RECOMMENDATION - 5

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

This petition is time barred pursuant to 28 U.S.C. 2244 (d). It should be dismissed without consideration on the merits. Petitioner has not shown he is entitled to equitable tolling that would excuse the delay in filing federal habeas corpus petition.

Based on the foregoing discussion, the court should DENY this petition. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court. See 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 22, 2011, as noted in the caption.

DATED this 30th day of March, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 6